## No. 8668.

### JOSEPH E. EALER vs. WIDOW RUFUS LODGE ET AL.

Rights of a creditor of the community cannot be defeated by an adjudication of the share of minors in the common property to the surviving spouse and by a special mortgage given in their favor by the latter, to secure their liquidated rights.

Such creditor is entitled to be paid his claim, by preference, half by the widow who has accepted the community and half by the heirs, each for his *virile* share; the minors not to be bound for more than their share of inheritance.

Simulation cannot be set up by the vendee against the reality of his purchase of real estate, after the validity of the same has been judicially asserted by him and recognized by the court.

Want of consideration cannot be urged after a plea and proof of payment.

Prescription does not run against notes which have been uninterruptedly sued upon *via executiva* and *via ordinaria*, although in one instance, before a court having no jurisdiction.

A money judgment on appeal can be amended by allowing interest due, accidently omitted, without granting a rehearing.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*W. S. Benedict* and *J. H. Spearing* for Plaintiff and Appellant.

*M. M. Cohen* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action by the holder of several notes, originally furnished by Rufus Lodge, in settlement of the purchase price of certain real estate sold to him by Mrs. Spearing.

The suit is brought against Widow Rufus Lodge in her capacity of surviving spouse in community and of tutrix of two minors, the issue of her marriage with her deceased husband, and against the third child, who has attained the age of majority.

The plaintiff alleges that since the death of Rufus Lodge, proceedings were had in his succession, by which all the property belonging

to his widow and his children and held in common, was adjudicated to the former, and that the rights of the minors, after being liquidated, were secured by special mortgage on the property of the widow and that adjudicated.

He charges fraud and injury and prays for judgment for the amount remaining due on the notes as liquidated by a judgment, and for a recognition of the judicial mortgage resulting from the registry of such judgment anterior to the mortgage consented in favor of the minors.

The defenses are numerous and conflicting on the one hand, while the reality of the sale and the validity of the notes are attacked, payment and prescription are pleaded on the other.

The case was first tried by a jury who found for defendants. Dissatisfied with the verdict, the district judge granted a new trial. The jury again found for defendants and the judge refused, for reasons orally assigned, to set their verdict aside.

The evidence shows that, at the maturity of the notes, after the death of Rufus Lodge, executory proceedings were instituted to compel payment; that his widow, in her own right and as tutrix, pleading payment of the notes, applied for and obtained an injunction arresting all proceedings; and, that on trial, judgment was rendered against them, from which no appeal was ever taken and which constitutes *res judicata*.

It also appears that the property was then seized and sold, but did not realize enough to pay the notes; that the amount realized having been credited on the notes, a suit was brought before the Second District Court against the widow, as tutrix, administering the succession of Rufus Lodge, and that judgment was accordingly rendered in his favor.

Subsequently, on an attempt to execute this judgment, the defense was set up that it was a nullity, as having been rendered by a court without jurisdiction, as, prior thereto, the widow and heirs had been put in possession, and the defense prevailed.

The judgment rendered on that issue has never been revised on appeal and cannot be disturbed.

It is that judgment which was recorded and the registry of which the plaintiff claims has created, in his favor, a judicial mortgage affecting the property of the succession.

The proceedings had in the *mortuaria* for the adjudication, the liquidation of the rights of the minors and the execution of a special mortgage to secure them, even if not conducted and carried out to injure the plaintiff, could not have that effect.

The plaintiff was and has continued to be a creditor of the community. At the death of Rufus Lodge, the property comprising the mass of the community passed, by operation of law, half to his surviving wife and half to his children inheriting his share therein, but burdened with the claims of the creditors of the community, one of whom was and still is the plaintiff.

No act of the widow, in her own name or as tutrix, and no act of the heirs, whether of age or not, could deprive the creditor of the community of his rights to be paid out of the common property in preference to any right of ownership which the widow or the heirs acquired thereto at the dissolution of the community.

The defense of prescription cannot be sustained. The plaintiff appears to have been restless during the nine years following the maturity of the notes, in seeking payment of the same. He first proceeded *via executiva*, but was kept in suspense by the injunction. He subsequently sued *via ordinaria* for the balance remaining due. If it be true that the court which recognized his claim had no jurisdiction, the fact of the suit and the service of the citation were enough, effectually, to interrupt prescription. Since the judgment sustaining the plea to the jurisdiction, he has brought the present suit which has been pending for more than three years.

We attach no importance to the other defenses, set up as they were, raised and overruled in other proceedings.

The reality of the sale was attacked by the assignees of Spearing & Co., in a bankruptcy proceeding before the United States District Court, in this city, in which it was sought to have it declared that the property did not belong to the succession of Rufus Lodge, but to the insolvents. The defense of the widow, in her name and as tutrix, was the validity of the sale. After trial, the bill was dismissed and title thus recognized in the succession of Lodge.

The answers to the interrogatories propounded to plaintiff and which remain uncontradicted, establish that he is the owner of the notes sued on and that the original sale was real. Nothing shows that the defendants would have had any valid defense against the notes had they been sued on by Mrs. Spearing, who had sold the property to Rufus Lodge.

The plaintiff claims that he is entitled to a judgment *in solido* against the widow and heirs of Rufus Lodge. He is not entitled to such judgment and can recover only to the extent of one-half against the widow and one-half against the heirs, each for his *virile* share, the minors not to be bound for more than the amount of their inheritance.

It is, therefore, ordered and decreed that the verdict and judgment thereon be avoided, annulled and reversed; and,

It is now ordered and decreed that the plaintiff, Joseph E. Ealer, do have and recover the sum of four thousand six hundred and one dollars and seventeen cents ($4601 17) from the defendants, half from Hannah Jourdan, widow of Rufus Lodge, regardless of the special mortgage in favor of her children, and half from the minors, Kate and Virginia Lodge and the heir of age, Olivia Lodge, jointly, each for her *virile* share, regardless of the adjudication of their half to their mother; the minors not to be liable to payment beyond the property inherited by them from their father, and the heir of age not to be liable for more than one-third of the half of the whole debt recovered; the defendants to pay costs in both courts, in the same proportion.

### ON APPLICATION FOR A REHEARING.

The plaintiff asks an amendment of the decree herein rendered so as to be allowed interest from the date of the partial payments. He is entitled to that amendment, without being granted a rehearing.

It is, therefore, ordered that the decree herein be amended so as to recover eight per cent per annum, interest on the amount allowed, $4601 17, from the 23d of March, 1875, till paid, and that thus amended the decree remain undisturbed.

Rehearing refused.